# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* RAQUEL HICKMAN, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | No. 06 C 1819 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner Raquel Hickman's Petition for Writ of *Habeas Corpus*, filed pursuant to 28 U.S.C. § 2255. Hickman brings this Petition on two grounds: first, that her attorney, Herbert Goldberg, was ineffective; and, second, that she was denied the right to direct appeal.[1]

## BACKGROUND

Hickman was charged in an indictment on January 7, 2003, with two counts of knowingly and intentionally distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On August 25, 2003, the Government filed a notice of intention to seek enhanced statutory penalties, pursuant to 21 U.S.C. § 851, based on Hickman's two prior felony convictions for delivery of drugs.

On December 9, 2003, Hickman pled guilty to Count Two of the indictment and agreed that the conduct in Count One was stipulated-offense conduct. In the Plea Agreement, the Government agreed to withdraw the notice of intention to seek enhanced statutory penalties

---

[1] Hickman's second ground is based on her assertion that her assistance was ineffective but will be considered separately.

under 21 U.S.C. § 851, although Hickman qualified as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1. This lowered the statutory maximum sentence from life imprisonment to 40 years. The Plea Agreement contemplated that Hickman would be found to have an offense level of 34 (rather than 37 if Hickman were found to be a career offender), minus 3 levels for acceptance of responsibility, and a criminal history category of VI. Thus, the proposed advisory Guideline range in the Plea Agreement was 188 to 235 months.

At the Plea hearing, Hickman expressed satisfaction with the amount of time that she conferred with defense counsel and with his advice:

> THE COURT: Ms. Hickman, have you had enough time to discuss this matter with your lawyer, Mr. Goldberg?
>
> HICKMAN: Yes, sir.
>
> THE COURT: Are you genuinely satisfied with the advice and efforts that he's made on your behalf?
>
> HICKMAN: Yes, sir.

Tr. of Plea at 6. Later in the plea colloquy, Hickman stated that she signed, read, and discussed the Plea Agreement with her attorney, Goldberg. Tr. of Plea at 13. The Court asked Hickman whether defense counsel "answer[ed] all your questions regarding the provisions of this agreement"; and Hickman answered, "Yes, sir." Plea Tr. at 13. Hickman also stated her acceptance of the Plea Agreement and decision to plead guilty was voluntary, as follows:

> THE COURT: Ms. Hickman, has anyone forced you in any way to cause you to plead guilty?
>
> HICKMAN: No, sir.

2

THE COURT: Has anyone threatened you in any way to make you plead guilty?

HICKMAN: No, sir.

THE COURT: Apart from the plea agreement, have there been any promises made to you –

HICKMAN: No, sir.

THE COURT: – to cause you to plead guilty?

Plea Tr. at 17.

On April 14, 2005, a sentencing hearing was held. At this hearing, the Court sentenced Hickman to the low end of the advisory Guideline range, 188 months at the United States Bureau of Prisons.

## ANALYSIS

Hickman timely filed a Section 2255 Motion to Vacate, Set Aside, or Correct her Sentence. Section 2255 provides a means by which a prisoner in federal custody may obtain collateral review of her federal-court imposed sentence. 28 U.S.C. § 2255; *see also Holleman v. United States*, 721 F.2d 1136, 1138 (7th Cir. 1983). Hickman's petition generally challenges her sentence, first, on the ground that her attorney was ineffective. Second, Hickman alleges that her counsel was ineffective because she was denied the right to directly appeal her sentence.

To succeed on her claim of ineffective assistance of counsel, Hickman must show that: (1) her attorney's performance fell below an objective standard of reasonableness and (2) she suffered prejudice from the unreasonable performance. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (*Coleman*) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Reasonableness is measured under the standard of professional norms. *Coleman*, 318 F.3d at

760 (citation omitted). "To meet the prejudice prong, [Defendant] must show that but for counsel's error, the results would have been different." *Coleman*, 318 F.3d at 760 (citation omitted). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

In her motion, Hickman alleges that her counsel provided generally ineffective assistance of counsel, claiming that her attorney, Goldberg, "was ineffective from the start of the proceedings," "offered limited advice," "coerced" her into taking a plea, "never went over the evidence," and "totally lacked enthusiasm when it came to keeping his client up to date." With respect to these allegations, Hickman can show neither that Goldberg's performance was objectively unreasonable nor that she suffered prejudice. Further, Hickman's characterization of Goldberg's performance is in stark contrast with her testimony at the time of the Plea, detailed above. During the Plea hearing, Hickman expressed satisfaction with Goldberg, answering the Court's question of whether she was "genuinely satisfied with the advice and efforts that [Goldberg] made on your behalf" affirmatively, responding "Yes, sir." Tr. of Plea at 6. Moreover, although now Hickman claims that the Plea was "substantially longer than what [defense counsel] informed her," Def.'s Mot. at 7, she again, under oath, during the plea colloquy, acknowledged that she understood that she faced a 40-year maximum sentence, Tr. of Plea at 16, and that no promises had been made to her concerning the sentence, Tr. of Plea at 18. Hickman cannot now contradict her under-oath expression of satisfaction with defense counsel and acknowledgment that she knowingly and voluntarily accepted the Plea Agreement. *United States v. Stewart*, 198 F.3d 984, 986-87 (7th Cir. 1999) ("The fundamental problem with

4

this position is that [petitioner] has already had one opportunity to state, under oath and in the presence of the district judge, whether his attorney gave such defective advice. That opportunity was the plea hearing, and [petitioner] swore that no such advice had been given. Why should he now receive an opportunity to contradict himself under oath, and thus violate 18 U.S.C. § 1623(c), the inconsistent declarations statute?"). Moreover, the Plea Agreement provided Hickman with particularly important concessions from the Government: the withdrawal of the claim of career offender, reducing the Guideline range from 262-327 months to 188-235 months and the statutory mandatory minimum / maximum sentence from 10 years-life to 5 years-40 years. Hickman bears the burden to show that counsel failed to provide ineffective assistance of counsel, *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); and based on the above with respect to her general claims of ineffective assistance of counsel, she has failed to meet this burden.

Second, Hickman brings this Section 2255 motion on the basis that Hickman instructed Goldberg to file a direct appeal of her sentence, and Goldberg failed to do so. A lawyer who fails to file a notice of appeal despite a defendant's specific request to do so has performed below an objective standard of reasonableness. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (*Flores-Ortega*). However, a defendant who tells his lawyer not to appeal waives his right to claim ineffective assistance of counsel on this ground. *Flores-Ortega*, 528 U.S. at 477. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Flores-Ortega*, 528 U.S. at 480.

5

Section 2255 requires that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255. In an affidavit attached to the Government's response, Goldberg states: "After sentencing, Ms. Hickman and I discussed whether we would file an appeal on her behalf. Ms. Hickman decided not to appeal and never informed me that she wished to appeal, and [sic] her sentence was at the low end of the advisory guidelines." Goldberg Aff'd at ¶ 5. Hickman was afforded the opportunity to reply to the Government's response but did not do so. However, while Hickman's allegations are denied in the affidavits filed with the Government's response and Hickman did not file a written reply, "the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination *ore tenus* or by deposition as are all other witnesses. Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge." *Walker v. Johnston*, 312 U.S. 275, 286-287, (1941); *see also Machibroda v. United States*, 368 U.S. 487, 495 (1962). Thus, a limited evidentiary hearing on whether Hickman instructed her defense counsel to appeal the sentence is ordered.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of *Habeas Corpus* is denied in part. The motion, files, and record in this case conclusively show that Hickman was entitled to no relief and that no evidentiary hearing for Section 2255 purposes was required with respect to Hickman's claim that her attorney "offered limited advice," "coerced" her into taking a plea, "never went over the evidence," and "totally lacked enthusiasm when it came to keeping his

6

client up to date." However, the Court grants a limited evidentiary hearing pursuant to 28 U.S.C. § 2255 as to whether Hickman instructed her defense counsel to appeal the sentence. The evidentiary hearing is set for November 30, 2006, at 1:30 p.m. The Federal Defender Panel is appointed to represent Hickman.

Dated: 11-9-06

JOHN W. DARRAH
United States District Court Judge